IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUTH BLATTNER,

    Plaintiff,                        No. CIV S-02-1163 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.                     <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") and Disabled Widow's Benefits under Title II of the Social Security Act ("Act").  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated November 8, 2001, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of hypothyroidism, colitis, spastic colon, irritable bowel syndrome and lumbar/thoracic sprain but these impairments do not meet or medically equal a listed impairment; plaintiff is not fully credible; plaintiff must perform work at a job that allows access to a bathroom at will; plaintiff can perform her past relevant work as a payroll clerk account clerk and deputy public guardian; and plaintiff is not disabled. Administrative Transcript ("AT") 21-22. Plaintiff contends the ALJ

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

erred in finding plaintiff could return to her past relevant work and should have used the testimony of a vocational expert.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

A. Past Relevant Work

Plaintiff contends her need for access to bathroom facilities at all times precludes the ability to perform her past relevant work. The ALJ specifically found plaintiff's residual

functional capacity required access to a bathroom at will, but this limitation does not preclude performance of plaintiff's past relevant work. AT 21. Plaintiff asserts that in finding plaintiff could perform her past relevant work, the ALJ misconstrued the medical records of treating physician Dr. Ostroff. Contrary to plaintiff's assertion, Dr. Ostroff did not opine in November 1999 that plaintiff was still unable to work. AT 138. The cited opinion clearly referenced the period of disability due to chronic diarrhea as November 3, 1998 to February 15, 1999 and is dated <u>January</u> 12, 1999, not <u>November</u>, as claimed by plaintiff. AT 138.[2]

In June 1999, plaintiff reported she was doing well on a Pepto-Bismol regimen. AT 146. This chart note was relied on by the ALJ in determining plaintiff's gastrointestinal problems did not preclude the ability to perform sedentary work. AT 20. The ALJ also relied on the opinion of the consultative examiner who opined no work limitations due to diarrhea. AT 19-20, 157-158. In addition, the ALJ cited the opinion of a treating nutritionist who stated plaintiff reported "feeling a lot better" on the diet prescribed by the nutritionist. AT 20, 172.

Despite gastrointestinal problems dating back to 1982, plaintiff had worked in various professional capacities for the County of Santa Cruz until November 1998. AT 37-41, 55, 167. Plaintiff testified that her physical problems had been ongoing during this time period and that the reason she left her work with the county was that she could no longer concentrate. AT 55. The ALJ, however, noted plaintiff was responding to treatment. AT 13, 20, 58, 146, 172. The ALJ also noted the consultative psychological examiner found no psychological problems that would limit plaintiff's ability to work. AT 18, 159-163.

Finally, the ALJ found plaintiff's reported daily activities as inconsistent with plaintiff's claim that her diarrhea precluded an ability to perform all work. AT 20, 43-49, 114-117. In light of this record, plaintiff failed to meet her burden to show she could not perform her

---

[2] There is one apparently inadvertent error in Dr. Ostroff's answer to one question on the form: The "date anticipated that employee is able to return to work" is indicated as "2/15/98," when it seems clear the doctor intended "2/15/99." The error is immaterial to this order.

1 past relevant work. Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993). There was no error
2 in the ALJ's finding that plaintiff could perform her past relevant work as payroll clerk, account
3 clerk and deputy public guardian. AT 21.

        B. Vocational Expert

5         Plaintiff also contends that the ALJ should have obtained the testimony of a
6 vocational expert because the need to have restroom facilities is a nonexertional limitation and
7 thus application of the grids[3] is inappropriate. The ALJ did not utilize the grids in determining
8 plaintiff is not disabled. Rather, the sequential analysis ended at step four because the ALJ found
9 plaintiff could perform her past relevant work. In doing so, the ALJ properly relied on plaintiff's
10 own description of her job duties. AT 20; see Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir.
11 2001). Because plaintiff failed to meet her burden of showing she cannot perform her past
12 relevant work, the ALJ's determination that plaintiff is not disabled must be upheld. See Crane
13 v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (no vocational expert testimony required where
14 plaintiff can perform past relevant work).

15         The ALJ's decision is fully supported by substantial evidence in the record and
16 based on the proper legal standards.

17 /////
18 /////
19 /////
20 /////
21 /////
22 /////

---

[3] The Medical-Vocational Guidelines ("the grids") are in table form. The tables present various combinations of factors the ALJ must consider in determining whether other work is available. See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience. For each combination, the grids direct a finding of either "disabled" or "not disabled."

5

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. Plaintiff's motion for summary judgment or remand is denied, and

3  2. The Commissioner's cross-motion for summary judgment is granted.

4  DATED: September 28, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006/blattner.ss